IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

B.E. TECHNOLOGY, LLC,                )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    No.: 2:12-cv-02866-JPM-tmp
                                     )
MOTOROLA MOBILITY                    )
HOLDINGS LLC,                        )
                                     )
        Defendant.                   )

ORDER DENYING MOTION TO TRANSFER VENUE

Before the Court is Defendant Motorola Mobility Holdings LLC's ("Defendant" or "Motorola") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), filed December 19, 2012. (ECF No. 18.) For the reasons that follow, the Motion is DENIED.

I.  BACKGROUND

This case concerns Defendant Motorola's alleged infringement of United States Patent No. 6,771,290 (the "'290 patent"). (ECF No. 1.) Plaintiff B.E. Technology, LLC ("Plaintiff or "B.E."), is the assignee of the '290 patent (ECF No. 26 at 2), currently owning "all right, title, and interest in the '290 patent, and has owned all right, title, and interest throughout the period" of the alleged infringement (ECF No. 1 ¶ 10).

B.E. alleges that Motorola infringed the '290 patent "by using, selling, and offering to sell in the United States products that directly infringe at least Claim 2 of the '290 patent either literally or under the doctrine of equivalents." (Id. ¶ 11.)  The Motorola products alleged to infringe the '290 patent include "Motorola tablets:  Xyboard and Xoom tablets; Motorola smartphones:  Atrix, Electrify 2, Defy XT, Photon Q 4G LTE." (Id.)

B.E. filed a Complaint in this Court on October 2, 2012. (ECF No. 1.)  Motorola filed its Motion to Transfer Venue on December 19, 2012 (ECF No. 18), and filed its Answer to the Complaint on December 31, 2012 (ECF No. 21).  B.E. filed its Memorandum in Opposition to Defendant's Motion to Transfer Venue on January 7, 2013.  (ECF No. 26.)  With leave of Court, Motorola filed a Reply Memorandum in Support of Its Motion to Transfer on January 30, 2013.  (ECF No. 35.)  On February 7, 2013, Motorola filed a Motion to Stay pending resolution of its Motion to Transfer Venue.  (ECF No. 38.)  The Court granted Motorola's Motion to Stay on February 11, 2013.  (ECF No. 41.)

While Motorola is a Delaware corporation with its principal place of business in Illinois, it seeks to transfer this case to the Northern District of California because it is a wholly owned subsidiary of Google, Inc. ("Google"), which is headquartered in the Northern District of California.  (ECF No. 18-1 at 1, 4.)

2

To support its Motion, Motorola contends that all the "features and functionalities" of its products alleged to have infringed the '290 patent operate on Google's Android operating system and Google Play, and were developed in the Northern District of California. (Id. at 2.) As a result, "the vast majority of witnesses and documents" regarding the accused products are located in that district. (Id.) Further, Motorola asserts that a majority of third-party witnesses on whom it intends to rely are also located in or around the Northern District of California. (Id.)

B.E. opposes Motorola's Motion to Transfer. B.E. is a limited liability company incorporated in Delaware. (ECF No. 1 ¶ 2.) B.E. was originally registered in Michigan, but formally registered to conduct business in Tennessee in September 2012. (ECF No. 26 at 2.) B.E. contends that Memphis, Tennessee, is its principal place of business. (ECF No. 1 ¶ 2.) Martin David Hoyle ("Hoyle"), B.E.'s founder and CEO, is the named-inventor of the '290 patent. (ECF No. 26 at 1, 2.) Hoyle has been a resident of Tennessee since April, 2006. (Id. at 1, 2.)

B.E. argues that transfer is inappropriate because it has substantial connections with this district. B.E. argues that Hoyle has been "present in this District since 2006, and B.E. since at least 2008," and this district is B.E.'s principal place of business. (Id. at 4-5.) B.E. also argues that none of

3

its witnesses are located in the Northern District of
California.  (Id. at 7.)  Further, B.E. argues that its
corporate documents, including documents relating to the
"conception and reduction to practice" of the patents-in-suit,
are located in this District.  (Id. at 4, 5, 7.)

**II. STANDARD**

Motorola moves the Court to transfer this case to the
Northern District of California pursuant to 28 U.S.C. § 1404(a).
(ECF No. 18-1 at 1.)  The statute provides that "[f]or the
convenience of the parties and witnesses, in the interest of
justice, a district court may transfer any civil action to any
other district or division where it might have been brought."
28 U.S.C. § 1404(a).  "As the permissive language of the
transfer statute suggests, district courts have 'broad
discretion' to determine when party 'convenience' or 'the
interest of justice' make a transfer appropriate."  Reese v. CNH
Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009).

In determining whether to transfer a case under § 1404(a),
the court must first determine whether the claim could have been
brought in the transferee district.  28 U.S.C. § 1404(a)
(allowing transfer to any other district in which the claim
"might have been brought").  Once the court has made this
threshold determination, the court must then determine whether
party and witness "convenience" and "the interest of justice"

4

favor transfer to the proposed transferee district.  Reese, 574
F.3d at 320; Esperson v. Trugreen Ltd., No. 2:10-cv-02130-STA-
cgc, 2010 WL 4362794, at *5 (W.D. Tenn. Oct. 5, 2010), adopted
2010 WL 4337823 (W.D. Tenn. Oct. 27, 2010).  In weighing these
statutory factors, the court may still consider the private- and
public-interest factors set forth in the pre-Section 1404(a)
case, Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947), but
courts are not burdened with "preconceived limitations derived
from the forum non conveniens doctrine."  Norwood v.
Kirkpatrick, 349 U.S. 29, 31 (1955) (quoting All States Freight
v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952)) (internal
quotation marks omitted); Esperson, 2010 WL 4362794, at *5.  The
United States Court of Appeals for the Sixth Circuit has stated
that when deciding "a motion to transfer under § 1404(a), a
district court should consider the private interests of the
parties, including their convenience and the convenience of
potential witnesses, as well as other public-interest concerns,
such as systemic integrity and fairness, which come under the
rubric of 'interests of justice.'"  Moore v. Rohm & Haas Co.,
446 F.3d 643, 647 n.1 (6th Cir. 2006).

    Additionally, the "interest of justice" factor has been
interpreted broadly by courts, influenced by the individualized
circumstances of each case.  The United States Court of Appeals

for the Federal Circuit has set forth a non-exhaustive list of pertinent public-interest factors:

> The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.

In re Acer Am. Corp., 626 F.3d 1252, 1254 (Fed. Cir. 2010); see also In Re Nintendo Co., Ltd., 589 F.3d 1194, 1198 (Fed. Cir. 2009) (finding the local-interest factor weighed heavily in favor of transfer); Cincinnati Ins. Co. v. O'Leary Paint Co., 676 F. Supp. 2d 623, 633 (W.D. Mich. 2009) (considering additional factors such as the relative docket congestion of the transferor and transferee districts).

Initially, B.E. argues that there is a strong presumption in favor of its choice of forum, and its choice of forum should not be disturbed unless the defendant carries its burden to demonstrate that the balance of convenience strongly favors transfer. (ECF No. 26 at 4-6.) B.E.'s argument is erroneously derived from the more stringent forum-non-conveniens standard. Compare Hunter Fan Co. v. Minka Lighting, Inc., No. 06-2108 Ml/P, 2006 WL 1627746 (W.D. Tenn. June 12, 2006) (applying the appropriate private- and public-interest factors but relying on the forum-non-conveniens doctrine to accord strong deference to the plaintiff's choice of forum), with OneStockDuq Holdings,

6

<u>LLC v. Becton, Dickinson, & Co.</u>, No. 2:12-cv-03037-JPM-tmp, 2013 WL 1136726, at *3 (W.D. Tenn. Mar. 18, 2013), <u>and</u> <u>Roberts Metals, Inc. v. Florida Props. Mktg. Grp., Inc.</u>, 138 F.R.D. 89, 92-93 (N.D. Ohio 1991) (recognizing defendants need to make a lesser showing to overcome plaintiff's choice of forum under § 1404(a)), <u>aff'd per curiam</u>, 22 F.3d 1104 (6th Cir. 1994).

Although there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a), a plaintiff's choice of forum may be considered, but is entitled to less deference.  Discussing the difference between the common-law doctrine of forum non conveniens and the federal transfer-of-venue statute in <u>Norwood</u>, the Supreme Court stated,

> When Congress adopted § 1404(a), it intended to do more than just codify the existing law on forum non conveniens. . . . [W]e believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience.  This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.

<u>Norwood</u>, 349 U.S. at 32; <u>see also</u> <u>Lemon v. Druffel</u>, 253 F.2d 680, 685 (6th Cir. 1958) ("The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in <u>Norwood v. Kirkpatrick</u>[.]"); <u>Esperson</u>, 2010 WL 4362794, at *5-6.

Defendant's burden under § 1404(a) is to demonstrate that a
change of venue to the transferee district is warranted.  See
Eaton v. Meathe, No. 1:11-cv-178, 2011 WL 1898238, at *2 (W.D.
Mich. May 18, 2011); Amphion, Inc. v. Buckeye Elec. Co., 285 F.
Supp. 2d 943, 946 (E.D. Mich. 2003); Roberts Metals, Inc., 138
F.R.D. at 93.  "Merely shifting the inconvenience from one party
to another does not meet Defendant's burden."  McFadgon v. Fresh
Mkt., Inc., No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn.
Oct. 21, 2005).  "[T]he movant must show that the forum to which
he desires to transfer the litigation is the *more convenient one
vis a vis* the Plaintiff's initial choice."  Roberts Metals,
Inc., 138 F.R.D. at 93 (quoting Mead Corp. v. Oscar J. Boldt
Constr. Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981)) (internal
quotation marks omitted).  If the court determines that the
"balance between the plaintiff's choice of forum and defendant's
desired forum is even, the plaintiff's choice of [forum] should
prevail."  Stewart v. Am. Eagle Airlines, Inc., No. 3:10-00494,
2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010).

**III. ANALYSIS**

Motorola asserts that B.E. could have brought this action
in the Northern District of California.  (See ECF No. 18-1 at 7-
8.)  B.E. does not dispute this assertion.  (See ECF No. 26 at
4.)  The Court agrees with the parties that B.E. could have
brought suit in the Northern District of California as personal

jurisdiction over Motorola exists in that district.  Therefore, the only issue remaining is whether the balance of the statutory factors — the convenience to the witnesses, the convenience to the parties, and the interest of justice — favors transfer to the Northern District of California.  The Court will address each statutory factor separately and balance these factors to determine whether transfer to the Northern District of California is proper pursuant to § 1404(a).

   **A.   Convenience of the Witnesses**

   When asserting that a transferee district is more convenient for witnesses, a party "must produce evidence regarding the precise details of the inconvenience" of the forum chosen by the plaintiff.  Esperson, 2010 WL 4362794, at *8.  To satisfy its burden, the movant must do "more than simply assert[] that another forum would be more appropriate for the witnesses; he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district."  Id. (quoting Roberts Metals, Inc., 138 F.R.D. at 93).  Further, "[t]o sustain a finding on [this factor] . . . the party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable a court to assess the materiality of evidence and the degree of inconvenience."  Eaton v. Meathe, No. 1:11-cv-178, 2011 WL

1898238, at *3 (W.D. Mich. May 18, 2011) (quoting <u>Rinks v. Hocking</u>, 1:10-CV-1102, 2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011)) (internal quotation marks omitted).  It is the "materiality and importance of the testimony of prospective witnesses, and not merely the number of witnesses," that is crucial to this inquiry.  <u>Rinks</u>, 2011 WL 691242, at *3.

        Motorola contends that witness convenience favors transfer to the Northern District of California.  (<u>See</u> ECF No. 18-1 at 4-6; ECF No. 35 at 5-7.)  To support this contention, Motorola asserts that a majority of the witnesses on which it intends to rely are located in that district.  These witnesses include Google employees "knowledgeable of the design, development and operation of Google's Android operating system and Google play system" (Miller Aff., ECF No. 18-2, ¶ 5), "Motorola employees with knowledge of the accused products" (<u>id.</u> ¶ 6), and at least twelve non-party witnesses that are "located in or around the Northern District of California" (ECF No. 35 at 5).

        In response, B.E. argues that "transfer to the Northern District of California would be equally inconvenient to B.E.'s witnesses, none of whom is located in the Northern District of California."  (<u>See</u> ECF No. 26 at 7.)  B.E. identifies Hoyle, the named-inventor of the patents-in-suit and founder and CEO of B.E., as its key witness who is located in the Western District of Tennessee.  (<u>Id.</u> at 5-7.)

10

Because the convenience of party and non-party witnesses is given different weight, the Court will analyze the witnesses separately. See Azarm v. $1.00 Stores Servs., Inc., No. 3:08-1220, 2009 WL 1588668, at *4 (M.D. Tenn. June 5, 2009) ("[T]he convenience of potential non-party witnesses, who are not subject to the control of the parties, is a particularly weighty consideration, because it is generally presumed that party witnesses will appear voluntarily in either jurisdiction, but non-party witnesses, with no vested stake in the litigation, may not.").

### 1.  Party Witnesses

Motorola asserts that, "based on the asserted claim" of the '290 patent, it "believes the accused functionalities relate to the Google Android operating system and Google Play." (ECF No. 18-1 at 4.)  Motorola contends that the "employees most knowledgeable about the design, development and operation of the Android operating system, and Google play, are located in the Northern District of California." (Id. (citing Miller Aff., ECF No. 18-2, ¶ 5).)  Motorola also "acknowledges that there are likely some witnesses . . . relevant to other aspects of the accused products, such as the sales and marketing of the accused products, that may be located outside the Northern District of California," but maintains that the "majority" are located within the transferee district. (ECF No. 18-1 at 4 n.6.)

11

Motorola contends that its identification of its own employees
and Google's employees is "sufficient 'to enable the court to
assess the materiality of evidence and the degree of
inconvenience.'"  (ECF No. 35 at 6 (quoting Rinks, 2011 WL
691242, at *3).)  Motorola further asserts that it attempted to
specify its potential witnesses, but is "unable to identify
specific material witnesses because B.E.'s infringement
contentions lack specificity as to the functionality of the
accused products and services that allegedly infringe."  (Id. at
7.)

Motorola does not provide any evidence showing that any
employees will be unwilling to testify in this district if asked
to do so or how such employees will be "severely inconvenienced"
if the case proceeds in this district.  See Esperson, 2010 WL
4362794, at *8.  Moreover, courts have noted that "normally a
corporation is able to make its employees available to testify
when needed."  Clark v. Dollar Gen. Corp., No. 3-00-0729, 2001
U.S. Dist. LEXIS 25975, at *9 (M.D. Tenn. Mar. 6, 2001); see
also Zimmer Enters. V. Atlandia Imps., Inc., 478 F. Supp. 2d
983, 991 (S.D. Ohio Mar. 14, 2007) (finding that the convenience
of witnesses who are employees "will not ordinarily be
considered, or at least, that the convenience of such employees
will not generally be given the same consideration as is given
to other witnesses").  Accordingly, it appears that Motorola's

and Google's employees will be able to attend absent any evidence to the contrary.

Therefore, regarding Motorola's own employees or Google's employees knowledgeable about the operating systems used in the accused products, Motorola cannot satisfy its burden.  Motorola argues that due to the distance between Memphis and the Northern District of California, approximately 1800 miles, travel to Memphis "would impose a significant inconvenience for Google's witnesses."  (ECF No. 18-1 at 9-10.)  Yet, the same is true for B.E.'s witnesses, which B.E. asserts do not reside in the Northern District of California.  (ECF No. 26 at 7.)  Further, Motorola also has offices in Libertyville, Illinois, and as Libertyville is approximately 570 miles from Memphis, this district would be more convenient for any potential witnesses based in that location.  Therefore, because § 1404(a) provides for transfer "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient," distance of travel for employee witnesses does not weigh in favor of transfer. Hunter Fan, 2006 WL 1627746, at *2 (citing Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964)).

Motorola further argues that because "most of its witnesses . . . are located in or around the Northern District of California," and because B.E. only identified one witness, Hoyle, this factor weighs in favor of transfer.  (ECF No. 35 at

13

5.)  With respect to the material witnesses, Motorola only generally identifies "employees" of both Google and Motorola who have particular knowledge about the "design, development and operation of the accused products and services." (ECF No. 35 at 6 (internal quotation marks omitted); see also Miller Aff., ECF No. 18-2, ¶ 5.)  The affidavit supporting this assertion states, in pertinent part,

> a number of the individuals likely to have knowledge of the accused products and services are located in Northern California. The Google employees most knowledgeable of the design, development and operation of Google's Android operating system and Google [P]lay are located at Google in Mountain View, California. In addition, some Motorola employees with knowledge of the accused products are located in California, including Sunnyvale and San Diego, California.

(Miller Aff., ECF No. 18-2, ¶ 5.)

Motorola cannot rely on such "bare allegations" to satisfy its burden.  Esperson, 2010 WL 4362794, at *8.  Motorola's general statement that it believes material witnesses are located in California does not aid the court in assessing (1) what the testimony of such additional material witnesses will be; (2) whether such witnesses will be unable to attend; or (3) whether and to what extent such witnesses will be inconvenienced by testifying in this district.  Additionally, Motorola misreads Rinks, wherein the court specifically stated, "Particularized information is necessary to enable a court to ascertain how much

14

weight to give a claim of inconvenience."  2011 WL 691242, at
*3.

     While B.E. did not specifically identify any witnesses
beyond Hoyle, B.E. does not have the burden to do so.  Despite
B.E. not identifying any individuals beyond Hoyle, Motorola's
general identifications of "employees" of Google and Motorola as
potential witnesses does not satisfy its burden on this factor.
A simple numerical advantage is insufficient on the issues
raised by a motion to transfer.

     Moreover, B.E. argues that "[i]t is likely that Google's
and Motorola's California-based employees will be deposed in
California where B.E.'s lead counsel is based."  (ECF No. 26 at
10.)  This further indicates that the witness-convenience factor
does not weigh in favor of transfer.  See Hunter Fan, 2006 WL
1627746, at *2 (finding relevant that the plaintiff planned to
take depositions of the defendant's witnesses in California in
determining that the witness convenience factor did not favor
transfer).

### 2.   Non-Party Witnesses

     While convenience to party witnesses is an important
consideration, "it is the convenience of non-party witnesses,
rather than employee witnesses . . . that is the more important
factor and is accorded greater weight."  Steelcase Inc. v. Smart
Techs., 336 F. Supp. 2d 714, 721 (W.D. Mich. Mar. 5, 2004)

(citation omitted) (internal quotation marks omitted).  Motorola asserts that it intends to rely on at least twelve non-party witnesses who have knowledge about prior art related to the patents in suit.  (ECF No. 18-1 at 5-6; ECF No. 35 at 5.) Motorola states that it intends to subpoena "at least the inventors and/or assignees of the patents for documents, and seek their testimony, as part of its invalidity defense." (ECF No. 18-1 at 6.)  Motorola further contends that these witnesses "are all located in the Northern District of California or on the West Coast." (ECF No. 18-1 at 10.)  To support its contention, Motorola lists the ten witnesses and their last-known addresses.  (ECF No. 18-1 at 5-6.)  Motorola further claims that it has confirmed that at least six of the witnesses reside in the Northern District of California and "that all but one of the 10 prior art patents have either an inventor or assignee who resides in the District." (ECF No. 35 at 7-8.)

Motorola argues that to satisfy its invalidity defense, Motorola will need to subpoena these witnesses for documents and depositions.  (ECF No. 18-1 at 10.)  Additionally, Motorola argues that some of the non-party witnesses "may become key witnesses for Motorola's defense at trial." (Id.)  Motorola claims that it will not be able to compel these witnesses to testify at trial if the case remains in Tennessee, but will be

able to compel the witnesses to testify at trial in the Northern District of California.  (Id.)

B.E. argues that the convenience of third-party witnesses is not entitled to great weight in the instant case because Motorola has not established that the "third party testimony will be material or important."  (ECF No. 26 at 10.)  B.E. argues that Motorola has not stated the "relevance, materiality, and importance" of the non-party witnesses' testimony.  (Id. at 11-12.)  B.E. further argues that prior-art testimony is "almost certain to be severely limited at the time of trial" and, therefore, such testimony does not weigh in favor of transfer. (Id. at 10-11.)

The availability of compulsory process for unwilling witnesses is a consideration closely related to the convenience-of-witnesses factor and the costs of procuring the witness, and therefore is an important consideration for the Court.  See, e.g., In re Acer, 626 F.3d at 1255; Rinks, 2011 WL 691242, at *4.  Whether this factor should be given considerable weight depends on the materiality of the testimony to the resolution of the case.  Rinks, 2011 WL 691242, at *4.  A federal court in the Northern District of California would be able to compel the prior-art witnesses to testify at trial.  See Fed. R. Civ. P. 45(b)(2).  In contrast, the prior-art witnesses would not be subject to the subpoena power in this district, see Fed. R. Civ.

17

P 45(c)(3)(A)(ii), but would be available for deposition in the Northern District of California if unwilling to testify in this district.  Therefore, the testimony of such witnesses potentially would "not be live and therefore could be less persuasive."  Rinks, 2011 WL 691242, at *4.

Motorola, however, has not disclosed the particulars of the testimony of the potential non-party witnesses, nor why depositions of non-party witnesses would be inadequate and live testimony from non-party witnesses required.  To the extent the non-party witnesses' testimony may be presented by deposition, witness inconvenience would not be an issue.  Motorola merely states that some of the prior-art witnesses "may become key witnesses for Motorola's defense at trial."  (ECF No. 18-1 at 10.)  This general statement is not sufficient to allow the Court to determine whether live testimony of Motorola's non-party witnesses is necessary.  Further, Motorola does not state whether it is aware that any of the non-party witnesses would be unwilling to testify in this district if asked to do so.  As a result, this factor does not weigh in favor of transfer.

**B.   Convenience of the Parties**

Motorola argues that the Northern District of California is "clearly a more convenient venue for this litigation."  (See id. at 1.)  While Motorola organizes its arguments somewhat differently than the Court, the Court finds the considerations

18

relevant to the convenience-of-the-parties factor are the
location of the sources of proof and the parties' financial
hardships due to litigation in the chosen forum.

### 1.   Location of Sources of Proof

Motorola argues that "the vast majority of potentially
relevant documents related to the research, design, and
development of the Android operating system and Google Play, are
located in the Northern District of California." (ECF No. 18-1
at 8.) Motorola contends that the volume of these "potentially
relevant documents . . . far exceeds the volume of documents in
Tennessee." (ECF No. 35 at 4.)

B.E. argues that, because its CEO resides in the Western
District of Tennessee, its corporate documents and records,
"including documents demonstrating the conception and reduction
to practice of [the patents-in-suit]," are located in the
Western District. (ECF No. 26 at 5-6.) B.E. notes that while
Motorola's sources of proof are located in the Northern District
of California, B.E.'s own sources of proof are located in
Tennessee and have been maintained there for years. (Id. at
12.) B.E. also contends that "the location of relevant
documentary evidence is increasingly less important in deciding
motions to transfer," and that because documents can be
exchanged electronically, the weight given this factor should be
minimal. (Id. at 13.) B.E. finally argues that this factor

does not weigh in favor of transfer because "it can be expected
that Motorola will eventually produce its documents to B.E.'s
lead counsel in California, not to B.E. in Tennessee."  (Id.)

    As an initial matter, the Court disagrees with B.E.'s
contention that advances in electronic document transfer reduce
the importance of the location-of-sources-of-proof factor.  This
notion has been expressly rejected by the Federal Circuit.  See,
e.g., In re Link_A_Media Devices Corp., 662 F.3d 1221, 1224
(Fed. Cir. 2011) (reversing a district court that did not
consider the factor, stating, "While advances in technology may
alter the weight given to these factors, it is improper to
ignore them entirely"); In re Genentech, Inc., 566 F.3d 1338,
1345-46 (Fed. Cir. 2009) (finding clear error where a district
court "minimized the inconvenience of requiring the petitioners
to transport their documents by noting that '[t]he notion that
the physical location of some relevant documents should play a
substantial role in the venue analysis is somewhat antiquated in
the era of electronic storage and transmission'" (quoting
Sanofi-Aentis Deutschland GmbH v. Genentech, Inc., 607 F. Supp.
2d 769, 777 (E.D. Tex. 2009))).

    The Court agrees that it is likely that the sheer volume of
documents Motorola has in its possession outnumbers the patent-
related documents in B.E.'s possession, but the Court disagrees
that this is enough to tip the balance in favor of transfer.

The Court finds that both parties maintain documents in their respective districts; that both sets of documents will be integral to the proceedings; and that Motorola will be expected to serve its documents on B.E.'s counsel in Northern California, not in the Western District of Tennessee (see ECF No. 26 at 13). Motorola's reliance on In re Nintendo and L&P Property Management Co. v. JTMD, LLC, No. 06-13311, 2007 WL 295027 (E.D. Mich. Jan. 29, 2007), is misplaced.  (See ECF No. 18-1 at 8-9.) In both of those cases the courts found there were no relevant documents in the transferor district, therefore transfer was appropriate.  See In Re Nintendo, 589 F.3d at 1199-1200; L&P Prop. Mgmt. Co., 2007 295027, at *4.  In the instant case, B.E. has shown that relevant documents are located in Tennessee. Taken together, the aforementioned facts indicate that as to the location of the sources of proof, the Northern District of California is a somewhat more convenient venue for the parties to the instant case.  This factor, however, is not sufficient, by itself, to require transfer.

> ## 2. Financial Hardships Attendant to Litigating in the Chosen Forum

Motorola argues that "the vast majority of the relevant engineers and employees work and/or reside in the Northern District of California, and none are located in Tennessee." (ECF No. 18-1 at 9.)  As a result, Motorola contends that travel

to Tennessee "would impose a significant inconvenience for the Google Android and California-based Motorola witnesses," and as the likely trial witnesses are a "core group of employees," their absence "would adversely affect the operations of Google and Motorola." (Id. at 9-10.)

B.E. states that it "would face a financial burden by having to litigate in the Northern District of California." (ECF No. 26 at 14.) B.E.'s CEO Hoyle states that "B.E. will incur expenses it will not incur if the case remains in Memphis." (Hoyle Aff., ECF No. 26-1, ¶ 9.) B.E. also states that "[i]t is reasonable to require companies with the wealth and size of Motorola to litigate in jurisdictions in which they regularly conduct business." (ECF No. 26 at 7.)

The Court has considered "the relative ability of litigants to bear expenses in any particular forum" among the factors in a § 1404(a) case. Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004). In the instant case, B.E.'s CEO stated that the company will incur additional expenses, but it has not shown with any specificity how detrimental those expenses would be to the company. Further, while Hoyle stated that his personal financial status would be adversely affected by litigating in the Northern District of California, he did not state why or how his personal finances would impact B.E., the party to the instant case. (Hoyle Aff.,

ECF No. 26-1, ¶ 9.)  B.E. has shown that Motorola, as a wholly

owned subsidiary of Google, has the ability to bear expenses in

this forum (see ECF No. 26-3), but the Court does not find this

to be a dispositive factor in denying Motorola's Motion.  But

see Siteworks Solutions, LLC v. Oracle Corp., No. 08-2130-A/P,

2008 WL 4415075, at *4 (W.D. Tenn. Sept. 22, 2008) (finding the

relative financial strengths of the parties did not weigh in

favor of transferring the case, as the party opposed to transfer

showed it "ha[d] no net worth, very little revenue, no gross

profits, no assets, and [would have to] borrow from its owners

in order to pay the litigation expenses").  The Court finds that

the evidence presented is insufficient to make a showing that

B.E. or Motorola will be adversely affected by litigating in

either forum.  The paramount consideration remains whether the

Northern District of California is more convenient to the

parties than B.E.'s chosen forum.

　　　With respect to convenience, the Court finds this factor

does not weigh in favor of transfer.  While Motorola has made a

showing that its business would be disrupted by the absence of

its proposed witnesses, B.E. has made an equal showing that its

business would be disrupted in having to prosecute the instant

case in California.  Motorola has shown that the Northern

District of California would be a more convenient forum for it,

but it has not shown that the Northern District of California is

a more convenient forum for both parties.  As a result, the
hardship to Motorola does not indicate transfer is more
convenient.

### C.   Interests of Justice

Motorola argues that transfer to the Northern District of
California is appropriate based on additional considerations
that pertain to the interests-of-justice factor.  (ECF No. 18-1
at 12-13; ECF No. 35 at 9-10.)  These considerations include the
"public-interest concerns, such as systemic integrity and
fairness," of the proceedings.  See Moore, 446 F.3d at 647 n.1.
In the instant case, the Court will consider the relative trial
efficiency of the transferee and transferor districts and the
localized interest in the litigation.

### 1.   Trial Efficiency

Motorola argues that while the Western District of
Tennessee "has a shorter median time from filing to trial, and
fewer intellectual property cases, . . . the average docket of
pending cases per judge [is] actually higher" in the Western
District of Tennessee than in the Northern District of
California.  (ECF No. 35 at 9.)  Motorola admits, however, that
in general this factor is neutral because the Western District
of Tennessee has established local patent rules and the
statistics of each district are negligible to the determination
of convenience.  (Id.)

B.E. argues that transfer to the Northern District of California "would likely delay trial of this case by at least one year." (ECF No. 26 at 15.) B.E. cites the 2011 Federal Court Management Statistics for both districts to illustrate that the median time from filing to trial in the Northern District of California was 35.4 months, while the median time from filing to trial in the Western District of Tennessee was 20.8 months. (Id. (citing ECF No. 26-4).)

The Court agrees with Motorola and finds this factor neutral to its determination of whether the Northern District of California is the more convenient forum.

### 2. Local Interest

Motorola argues that the Northern District of California has strong local ties to the instant case because Motorola's corporate parent Google is located there, "a vast majority of the technical witnesses" are located there, the sources of proof are located there, and the alleged infringement took place there. (ECF No. 18-1 at 12.) Motorola also asserts that B.E.'s ties to the Western District of Tennessee should be discounted because it manufactured those ties in anticipation of litigation. (Id.) Motorola also argues that the Northern District of California has a local interest because "the conduct of companies, employees, and third parties located in the

district has been called into question, and is asserted to give rise to liability." (Id. at 13.)

B.E. argues that the Western District of Tennessee has a substantial local interest in the instant case because the holder of the patent-in-suit is located in the district. (ECF No. 26 at 15.) B.E. also asserts that its ties to Tennessee are not "recent, ephemeral, or manufactured for the purposes of litigation." (Id.) Hoyle stated that he has resided in the Western District of Tennessee since 2006, that Memphis is B.E's principal place of business, and that the sources of proof pertinent to the instant case are located in the district. (Hoyle Aff., ECF No. 26-1, ¶¶ 2-4, 7-8.)

The Court finds that this factor does not weigh in favor of transfer. While Motorola has strong local ties to the Northern District of California, the Court finds that B.E.'s connection to the Western District of Tennessee was not manufactured for the purposes of litigation. B.E.'s founder and CEO, who is also the holder of the patent-in-suit, has resided in the district for seven years. B.E.'s connections, therefore, are neither "recent" nor "ephemeral." As a result, Motorola has not demonstrated that the Northern District of California's local interest outweighs that of the Western District of Tennessee.

**IV.  CONCLUSION**

For the foregoing reasons, the Court finds that, in balancing the statutory factors, Motorola has not demonstrated that the Northern District of California is a more convenient forum than the Western District of Tennessee.  Therefore, Motorola's Motion to Transfer Venue is DENIED.

Accordingly, the Court hereby LIFTS the February 11, 2013, stay of all proceedings.  (ECF No. 41.)  Regarding the Court's February 8, 2013, Order granting Defendant's Motion for Extension of Time to File a Response to Plaintiff's Motion to Strike Defenses (ECF No. 40), Defendant shall have seventeen (17) days from the date of entry of this Order, up to and including July 8, 2013, to file its Response.

**IT IS SO ORDERED** this 20th day of June, 2013.


s/ Jon P. McCalla_____
CHIEF U.S. DISTRICT JUDGE

27